**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 5:37 pm, Dec 10, 2012*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>09-12301</u> |
| DONALD D. BOWERS | ) | |
| | ) | |
| Debtor | ) | |
| ———————————————— | ) | |
| | ) | |
| CLEARONE COMMUNICATIONS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | Number <u>09-01083</u> |
| DONALD D. BOWERS | ) | |
| | ) | |
| Defendant | ) | |
| ———————————————— | ) | |

<u>**ORDER AND OPINION**</u>

This order addresses Donald D. Bower's ("Debtor['s]") motion for sanctions pursuant to 11 U.S.C. §362(k)[1] against ClearOne Communications, Inc. ("ClearOne") and Debtor's objection to the portion of the Chapter 7 Trustee's ("Trustee['s]") Final Report and Application for Compensation addressing proposed distributions to ClearOne. These are core proceedings pursuant to 28 U.S.C. §157(b) and jurisdiction is proper pursuant to 28

---

[1] Debtor brought this motion under 11 U.S.C. §362(h), which has since been recodified as 11 U.S.C. §362(k).

U.S.C. §1334.   For the following reasons, Debtor's motion for sanctions and objection to the Trustee's final report are denied.

## FINDING OF FACTS

Debtor filed a voluntary chapter 7 bankruptcy petition on September 17, 2009.  On October 13, 2010, ClearOne filed its proof of claim asserting a $1,624,439.01 claim comprised of: (1) $57,188.61 from the first of two contempt proceedings that Debtor was subject to in Utah (collectively referred to as the "Trade Secret Action"), (2) $207,250.40 from the second contempt proceeding in the Trade Secret Action, and (3) $1,360,000.00 from a separate lawsuit against Debtor and others for defamation and voidable transfer of assets (the "Bowers Action").   The Trustee filed an objection to the $1,360,000.00 portion of ClearOne's claim on the ground that the amount attributable to the Bowers Action was unliquidated as no judgment had yet been entered in that matter.   With the consent of ClearOne, that objection was sustained.   As a result, the claim was allowed in the amount of $264,439.01, which is the amount associated with the Trade Secret Action only and accepted without further objection by the Trustee.

ClearOne filed a motion for relief from stay on November 10, 2009, seeking leave of the Court to pursue those

2

claims already filed in the Utah District Court to judgment. In December of 2009, such relief was granted in the Trade Secret Action by consent order and after notice and a hearing in the Bowers Action. The relief authorized ClearOne to pursue all of the actions in the Utah District Court to final judgment so long as ClearOne did not "fix any judgment lien on the property of the Debtor or otherwise realize on any judgment as against the assets of the Debtor without further relief from this Court." Chapter 7 Case No. 09-12301, Dckt. No. 50, Order Granting ClearOne Communications, Inc's Motion for Relief from Stay as to the Bowers Action, at 2; Chapter 7 Case No. 09-12301, Dckt. No. 51, Consent Order Granting ClearOne Communications, Inc.'s Motion for Relief from Stay as to the Trade Secret Action, at 2. These orders are final non-appealable orders.

The history of the actions in the Utah District Court is critical to this case. Under the first contempt order in the Trade Secret Action, the Utah District Court found Debtor and Debtor's company, Wideband Solutions Inc., liable for ClearOne's attorney fees and expenses incurred in bringing the contempt action against Debtor prior to Debtor's bankruptcy petition. ClearOne was to submit its fees and expenses to the Utah District Court for review and approval. Debtor filed his bankruptcy

3

petition in this Court on September 17, 2009 the same day ClearOne submitted its fees and costs to the Utah District Court for approval. Apparently, during the pendency of the automatic stay in Debtor's individual bankruptcy case, a summons of garnishment was issued against Wideband Solutions, Inc., for the attorney fees and expenses ClearOne incurred in the Trade Secret Action. It is important to note, Debtor's company, Wideband Solutions, Inc. is not a debtor in bankruptcy. Once relief from the automatic stay was granted as to Debtor, the Utah District Court issued an order awarding attorney fees to ClearOne.

Prior to Debtor's bankruptcy filing, the Utah District Court issued a temporary restraining order against Debtor and others pursuant to the second contempt order in the Trade Secret Action. While the automatic stay was in place, the Utah District Court held a show cause hearing relating to the Utah District Court's second contempt order. At this point, Debtor was not named as a party in this second contempt proceeding, but his non-debtor business was named.

After relief from the automatic stay was granted, ClearOne attempted to have Debtor added to the second contempt

4

finding.  Prior to granting this request, the Utah District Court held a show cause hearing for the Debtor to appear and to address these issues.  After the hearing, at which Debtor failed to appear, the Utah District Court issued a finding of contempt against Debtor as to the second contempt order.

The other relevant case against Debtor in the Utah District Court, the Bowers Action, has been stayed by the Utah District Court to be resumed by amended complaint from ClearOne within 30 days after the Trade Secret Action has been resolved. The Bowers Action has been administratively closed until the Trade Secret Action is resolved and may be reopened by motion of either party upon resolution of the Trade Secret Action.

With that background, ClearOne acknowledges that they had a third party conduct surveillance on Debtor while he was in bankruptcy.  This surveillance included, among others, Debtor, his minor children, his in-laws, and his non-bankruptcy counsel's family and office.  In order to obtain that surveillance, ClearOne transmitted Debtor's personal information to the surveillance company.  Additionally, while the automatic stay was in place, ClearOne seized property from Debtor's son's business office in connection with the Trade Secret Action.  Debtor

5

contends some of his personal property was seized from this office, but ClearOne disputes this claim.

Debtor filed this motion for sanctions raising a number of arguments: (1) the judgments in the Utah District Court are unconstitutional and thus should be unenforceable in this Court because of due process concerns and the purported use of a secret dual or hidden docket; (2) ClearOne violated the automatic stay by: (a) seeking to enforce a Trade Secret Action contempt order against Debtor during the stay, (b) enforcing a summons of garnishment against Wideband Solutions, Inc., (c) failing to disclose to the Utah District Court the stay and limited relief granted therefrom, (d) conducting surveillance and harassment, including disseminating Debtor's personal information, (e) confiscating Debtor's personal property, (f) incurring attorney's fees and expenses during the pendency of the automatic stay, and (3) ClearOne purportedly made knowingly false statements in its proof of claim. For these purported wrongdoings, Debtor seeks: costs, fees and damages under 11 U.S.C. §362(k); disallowance of ClearOne's claim within the bankruptcy proceeding; and a criminal referral against ClearOne's chief executive officer. Debtor further objects to the Trustee's final report because it includes

6

a disbursement on ClearOne's claim, which Debtor asserts should be denied.

## CONCLUSIONS OF LAW

Because the due process issues have been litigated in the Utah courts, this is not the correct forum to assert such constitutional challenges to the Utah proceedings.  U.S. Const. Art. IV, §1; 28 U.S.C. §1738; see also San Remo Hotel, L.P. v. City and Cnty. of S.F., Cal., 545 U.S. 323, 336 (2005) ("[28 U.S.C. §1738] has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'").  The doctrines of res judicata and collateral estoppel are well summarized as: "[T]he first is the effect of foreclosing any litigation of matters that never have been litigated, because of the determination that they should have been advanced in an earlier suit.  The second is the effect of foreclosing relitigation of matters that have once been litigated and decided."  Charles Alan Wright, The Law of Federal Courts §100A, at 722-23 (5th ed. 1994).

Debtor cannot re-litigate the issue of the Utah District Court's personal jurisdiction over him as that issue has been already been litigated between these parties and determined adversely to Debtor by the Utah courts.  When an issue of fact or

7

law is actually litigated and resolved by final judgment, the determination is conclusive in a subsequent action between the parties. Ariz. v. Cal., 530 U.S. 392, 414 (2000) (citing Restatement (Second) of Judgments §27 (1982)). For collateral estoppel to apply, four requirements must be met: the issue must be identical to that adjudicated in the earlier litigation; the issue must have been "actually litigated" in the earlier lawsuit; resolution of the issue "must have been a critical and necessary part of the [earlier] judgment"; and the "party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding. In re Thomas, 288 F. App'x 547, *1 (11th Cir. April 18, 2008). In this case, the issue of personal jurisdiction was actually litigated, the issue was necessary to the judgment, and Debtor had a full and fair opportunity to litigate the issue of personal jurisdiction.

A court has competent jurisdiction where the court has both personal and subject matter jurisdiction. Cmty. State Bank v. Strong, 651 F.3d 1241, 1265 (11th Cir. 2011). Where the matter of competent jurisdiction has been properly heard and resolved in another court, that judgment must be given binding effect and must not be re-litigated in a subsequent forum.

8

Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 525-26 (1931);    see also Durfee v. Duke, 375 U.S. 106, 111-12 (1963) (confirming the application of this principle to all challenges of jurisdiction - both personal and subject matter); Restatement (Second) of Judgments §12, cmt. C (1982).    The Tenth Circuit considered and rejected Debtor's argument that the Utah court lacked personal jurisdiction over him.    ClearOne Commc'ns, Inc. v. Bowers, 651 F.3d 1200, 1215-16 (10th Cir. 2011).    Debtor cannot challenge the Utah court's jurisdiction in this Court.

Debtor also advances the argument that a "secret" dual docket in the first Trade Secret Action makes the Utah District Court's rulings unconstitutional.    Debtor has raised this argument in the Utah Courts.    The Tenth Circuit found, in referring to the "Court Only User Docket" system, "there is simply no basis for concluding that this system provided any litigation advantage to ClearOne."    Chapter 7 Case No. 09-12301, Dckt. No. 183, Response to Motion for Sanctions Pursuant to 11 U.S.C. §362(h), Ex. 20.    As previously addressed, any argument that Debtor raises in this Court regarding the Utah proceedings violating his due process rights is precluded by the doctrine of collateral estoppel.    The proper forum for such arguments is the Utah courts.    Debtor cannot ask this Court to re-adjudicate

9

issues already resolved in another jurisdiction; as such decisions are entitled to full faith and credit. <u>San Remo Hotel, L.P. v. City and Cnty. of S.F., Cal.</u>, 545 U.S. 323, 336 (2005).

Debtor asserts several other grounds for sanctions:

Debtor's first argument is that ClearOne knowingly made false statements in its motion for relief from stay and therefore Debtor contends sanctions should be imposed. Under Bankruptcy Rule 9011, sanctions are proper where: (1) the submission was made to the Court for an improper purpose such as to harass or delay proceedings; (2) the submission advances a frivolous claim unwarranted by existing law; (3) the allegations or factual contentions are not likely to have evidentiary support after further investigation or discovery; and (4) denials of factual contentions are not based on evidence or reasonable lack of belief. F.R.B.P. 9011(b) and (c); <u>see</u> <u>Anderson v. Smithfield Foods, Inc.</u>, 353 F.3d 912, 915 (11th Cir. 2003).

Debtor contends that ClearOne sought relief from the automatic stay when it had no intention of pursuing the Bowers Action to judgment. As support for this contention Debtor points out that the Bowers Action has since been administratively closed without ClearOne amending its complaint. However, the Bowers Action was stayed by the Utah District Court until final

resolution of the Trade Secret Action.  Debtor fails to recognize the distinction between final resolution of a matter and the administrative closing of a case.  The Bowers Action has only been administratively closed.  The administrative closure of a case has the same effect as a simple stay.  Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004).  It is a procedural mechanism to remove the case from a court's active docket.  Id.  In the case sub judice, there is no evidence that ClearOne's motion for relief is frivolous or filed for an improper purpose.  Furthermore, there is no evidence that the Bowers Action lacks a factual basis or a reasonable chance of success.  "The concern of Rule 9011 is not the truth or falsity of the representation in itself, but rather whether the party making the representation reasonably believed it at the time to have evidentiary support."  In re Taylor, 655 F.3d 274, 282 (3d. Cir. 2011).  Additionally, the Utah District Court expressly provided that the Bowers Actions could "be reopened upon motion by Plaintiff or Defendants."  Chapter 7 Case No. 09-12301, Dckt. No. 183, Response to Motion for Sanctions Pursuant to 11 U.S.C. §362(h), Ex. 19.  For these reasons, I find there are no grounds

AO 72A
(Rev. 8/82)

to conclude that ClearOne's motion for relief lacked a factual basis or reasonable chance of success.

Furthermore, I find Debtor's argument that ClearOne filed a fraudulent proof of claim to be unfounded. Debtor argues that the fact that the claim was reduced after the Trustee's objection establishes that it was fraudulent. Although the claim amount was reduced on objection by the Trustee, it was not reduced because the portion excluded was fraudulent; rather, the amount excluded was the estimated amount from the pending Bowers Action. ClearOne's proof of claim clearly notes on its face that this is an estimate for a judgment not yet issued. There is no bad faith in the amount asserted and I find sanctions against ClearOne are not merited.

Debtor also alleges several additional stay violations. The filing of a bankruptcy proceeding automatically stays any unfettered act to collect on a claim or to pursue a claim. 11 U.S.C. §362(a). Section 362(k)(1) provides a debtor "injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. §362(k)(1). To succeed, Debtor must establish that ClearOne had knowledge of the stay and willfully violated it. <u>Bishop v. US</u>

AO 72A
(Rev. 8/82)

Bank/Firstar Bank, N.A. (In re Bishop), 296 B.R. 890, 894 (Bankr. S.D. Ga. 2003).

Debtor alleges ClearOne violated the automatic stay by pursuing a show cause action on why sanctions should not be entered in the Utah action before relief from the automatic stay was granted by this Court. Although the order to show cause was sought by ClearOne during the pendency of the automatic stay, the order was not sought nor issued against Debtor, individually; rather, the order was sought and issued against: Debtor's company, WideBand Solutions Inc.; Debtor's son; and others. None of the targets of this show cause motion were protected by the automatic stay. There is no co-debtor stay in a chapter 7 bankruptcy. In re Russell Corp., 156 B.R. 347, 350 (Bankr. N.D. Ga. 1993) ("[U]nlike in Chapter 12 and 13, Congress did not enact a co-debtor stay in chapters 7 and 11."); Donarumo v. Furlong (In re Furlong ), 660 F.3d 81, 89-90 (1st Cir. 2011) (stating that it is well settled that the automatic stay "does not extend to the assets of a corporation in which the debtor has an interest, even if the interest is 100% of the corporate stock"). Debtor was not added to the contempt findings until after the automatic stay was lifted. Since the show cause action was not pursued against Debtor or property of the bankruptcy estate prior to the

✎AO 72A
(Rev. 8/82)

automatic stay being lifted, there is no automatic stay violation.

Debtor's second alleged violation of the automatic stay involves a summons of garnishment issued against Wideband Solutions, Inc., Debtor's company, and dealing with property belonging to, and debts owed to, Wideband Solutions, Inc. Debtor contends that this was a fraudulent garnishment in violation of the automatic stay. However, Wideband Solutions is not the debtor in bankruptcy. Debtor's asset is his stock in Wideband Solutions, not the company itself. As previously stated, the protection granted under 11 U.S.C. §362(a) protects only the debtor and the debtor's bankruptcy estate. 11 U.S.C. §362(a); In re Furlong, 660 F.3d at 89-90 (1st Cir. 2011); McCartney v. Integra Nat'l Bank N., 106 F.3d 506, 509-10 (3d. Cir. 1997); Teachers Ins. And Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986); Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1196-97 (6th Cir. 1983); Collier on Bankruptcy ¶362.03[3][d] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). For these reasons, I find this garnishment of Wideband Solutions, Inc.'s assets is not a violation of the automatic stay.

AO 72A
(Rev. 8/82)

Debtor's third allegation of a stay violation is that ClearOne failed to adequately inform the Utah Court of Debtor's bankruptcy filing and the imposition of the automatic stay. However, the Utah District Court in its order expressly acknowledges that the Contempt Order is not binding against Debtor in his individual capacity because of his bankruptcy proceeding. Dckt. No. 37, Response to Motion for Sanctions Pursuant to 11 U.S.C. §362(h), Ex. 1, p. 1 n. 4 and Ex. 7, p. 1 n. 1. This acknowledgment shows the Utah District Court was clearly aware of the Debtor's bankruptcy proceeding. As a result, I find ClearOne has not violated the automatic stay in this regard.

The fourth alleged violation of the automatic stay is ClearOne's surveillance of Debtor.[4] While these actions occurred after relief from the automatic stay was granted, the relief authorized ClearOne to proceed in all actions in the Utah actions to final judgment so long as ClearOne did not "fix any judgment lien on the property of the Debtor or otherwise realize on any judgment as against the assets of the Debtor without further relief from this Court." Chapter 7 Case No. 09-12301, Dckt. No.

---

[4] Debtor contends this surveillance included himself, his family, his non-bankruptcy attorney and his attorney's family. Debtor further contends the nature of this surveillance constitutes harassment.

15

50, Order Granting ClearOne Communications, Inc's Motion for Relief from Stay as to the Bowers Action, at 2. The relief did not authorize ClearOne to collect on such claims against Debtor without further leave of the Court. Under 11 U.S.C. §362(a)(6), ClearOne was prohibited from "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6). For this surveillance to violate the automatic stay, ClearOne must have acted with intent to collect on its debt. Singley v. Am. Gen. Fin., 233 B.R. 170 (Bankr. S.D. Ga. 1999). Mere harassment alone with no intent to collect does not constitute a stay violation. In re Perviz, 302 B.R. 357, 366 (Bankr. N.D. Ohio 2003). An inference that surveillance was carried out with intent to collect on a debt is only appropriate where the actions of the creditor are obviously absent any motive other than to collect on the debt. Protos v. Silver (In re Protos), Adv. No. 04-6090, 2005 WL 6491916, at *2-*3 (Bankr. N.D. Ga. Jan. 28, 2005). This is not such a case with the current surveillance. ClearOne asserts that such surveillance was for the purpose of locating the Debtor for service of process, which Debtor allegedly ha been avoiding. Debtor has not alleged any action on the part of ClearOne aimed at collection or recovery of a debt. Debtor further alleges ClearOne illegally transmitted his personal information over email; however there is no evidence

16

this was done to collect a debt. Such conduct is not a stay violation. While ClearOne's actions may, or may not, be reprehensible, there is no evidence of a violation of the automatic stay.

Debtor also alleges ClearOne violated the automatic stay by confiscating Debtor's personal property from the Debtor's son's place of business. Section 362(a)(3) of the Bankruptcy Code states that the stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §362(a)(3). The central issue is whether the items confiscated in accordance with the Utah proceedings constituted "property of the bankruptcy estate" such that the confiscation was a violation of the automatic stay. When questioned whether this was his personal property or his business's property, Debtor asserted ClearOne seized his personal property. However, Debtor failed to list these assets in his bankruptcy petition, nor did Debtor provide evidence of his personal ownership of any of this property. Debtor signed his schedules under penalty of perjury and it is his obligation to ensure those schedules are truthful and accurate. For these reasons, I find no evidence that ClearOne's seizure of personal property violated the automatic stay.

✎AO 72A
(Rev. 8/82)

The next alleged violation of the automatic stay was ClearOne's incurrence of legal fees and expenses during the pendency of the automatic stay. However, the incurrence of legal fees is not an act "to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6). The mere incurrence and recordation of the fees is not an attempt to collect and such incurrence is not a violation of the stay. See In re Smith, 299 B.R. 687, 692-93 (Bankr. S.D. Ga. 2003)(creditor's internal recordkeeping noting accrual of attorney's fees does not violate the stay). Certainly ClearOne has incurred post-petition legal fees and expenses in pursuing and defending the Utah actions and in connection with these bankruptcy proceedings. This is not a stay violation.

Based upon these findings, and for the reasons set forth at the hearing, I find ClearOne has not violated the section 362 automatic stay, and no criminal referral of ClearOne's chief executive officer is merited, as no fraud has

18

been proven.   I also deny Debtor's request for this Court to determine that various Utah proceedings are unconstitutional.

It is therefore ORDERED that Debtor's Motion for Sanctions be DENIED.   Furthermore, the Debtor's Objection to the Trustee's Final Report and Application for Compensation is OVERRULED.   The funds placed in escrow pending further order of this Court are hereby ORDERED to be disbursed to ClearOne Communications, Inc.


_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 10th Day of December 2012.

AO 72A
(Rev. 8/82)