FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 12:32 pm, Mar 26, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE:<br>DONALD D. BOWERS<br><br>    Debtor | Chapter 7 Case<br>Number <u>09-12301</u> |
| CLEARONE COMMUNICATIONS, INC.<br><br>    Plaintiff<br><br>v.<br><br>DONALD D. BOWERS<br><br>    Defendant | Adversary Proceeding<br>Number <u>09-01083</u> |

<u>OPINION AND ORDER</u>

Before the Court is a Motion for Reconsideration or Correction of the Court's December 10, 2012 Order and Opinion filed by Donald D. Bowers ("Debtor"). The motion seeks correction of certain findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 60(a).[1] For the following reasons, Debtor's

---

[1] Federal Rule of Civil Procedure is applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 9024. Rule 60 states:

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on

motion is granted in part and denied in part.

On a motion to reconsider the movant is not free to get a "second bite at the apple" and cannot introduce new evidence or relitigate matters already decided by the court's order. Linet v. Village of Wellington, Fla., 408 F.3d. 757, 763 (11th Cir. 2005); In re Suggs, 354 B.R. 903, 908 (Bankr. W.D. Mo. 2006). The purpose is to correct manifest errors of law or a misapplication or misunderstanding of the facts. In re Suggs, 354 B.R. at 908.

Debtor's first enumeration of error is the fact that this Court's prior order incorrectly stated the Utah Court found Debtor's Company, Wideband Solutions, Inc. liable for ClearOne's attorney fees and expenses. Specifically, Debtor states the following passage is incorrect:

> The history of the actions in the Utah District Court is critical to this case. Under the first contempt order in the Trade Secret Action, the Utah District Court found Debtor and [Debtor's company, Wideband Solutions Inc.,] liable for ClearOne's attorney fees and expenses incurred in bringing the contempt action against Debtor prior to Debtor's bankruptcy petition.

Dckt. No. 47, Order and Opinion Denying Debtor's Motion for

---

motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

2

Sanctions.

In its response to Debtor's motion to reconsider, ClearOne argues that this Court should correct the name of Debtor's company from "Wideband Solutions Inc." to Debtor's company, "Dial HD." However, Debtor contends only he, individually, was held liable for the attorneys fees and expenses in the first contempt action. In reviewing the exhibits from the hearing, exhibit 19 indicates that Donald Bowers, individually, was liable for civil contempt in the amount of $57,188.61 in the first contempt judgment. Hr'g held July 12, 2012, Ex. No. 19. A later judgment was entered against Debtor individually, for attorney fees and costs "in the amount of $22,743.88; and to be paid by Donald Bowers, Lonny Bowers, Jun Yang, WideBand Solutions, Inc. of Massachusetts, and Dial HD, in the amount of $184,506.52, jointly and severally." Hr'g held July 12, 2012, Ex. No. 22. After reviewing the judgments, the Court's order is hereby corrected to remove the following phrase "Debtor's company, WideBand Solutions Inc." from pages 3 and 13 of the previous order. The sentences shall now read:

> The history of the actions in the Utah District Court is critical to this case. Under the first contempt order in the Trade Secret Action, the Utah District Court found Debtor liable for ClearOne's attorney fees and expenses incurred in bringing the contempt action against Debtor prior to Debtor's bankruptcy petition.

3

> Although the order to show cause was sought by ClearOne during the pendency of the automatic stay, the order was not sought nor issued against Debtor, individually; rather, the order was sought and issued against: Debtor's son and others.

Notwithstanding the foregoing, these corrections do not in any way change the Court's conclusion that the stay was not violated. Furthermore, Debtor requests these changes be made "to avoid thwarting justice relating to the criminal and civil violations committed by ClearOne and to argue the conclusions that lead to the denial of sanctions as requested by Debtor are accurate." Dckt. No. 52, pp. 2-3 (brackets omitted).

Furthermore, based upon the evidence presented, the garnishment was not against Debtor's personal bank accounts. The Court directly asked Debtor at the hearing whether it was his personal account that was garnished and Debtor stated no. Dckt. No. 45, Tr. Hr'g July 12, 2012, p. 41. The Court again asked, "[I]s it your bank account or is it WideBand's bank account?" and Debtor responded, "[I]t is WideBand and I was the signature and the owner of WideBand." Dckt. No. 45, Tr. Hr'g July 12, 2012, p. 41. Debtor now contends in his motion to reconsider that his personal accounts also were frozen. Debtor did not state that at the hearing and did not provide evidence that his personal accounts were frozen. This is not "newly discovered evidence" as Debtor clearly could have and

4

should have brought any such evidence to the July hearing. When evidence is not newly discovered, a party may not submit that evidence in support of a motion to reconsider. . . ." <u>Pavlik v. Lane Ltd./ Tobacco Exp. Int'l</u>, 135 F.3d 876, 882 n. 2 (3d Cir. 1998).

Next, Debtor contends there is error in the following passage of the Court's prior order:

> Apparently, during the pendency of the automatic stay in Debtor's individual bankruptcy case, a summons of garnishment was issued against Wideband Solutions, Inc., for the attorney fees and expenses ClearOne incurred in the Trade Secret Action. It is important to note, Debtor's company, Wideband Solutions, Inc. is not a debtor in bankruptcy. Once relief from the automatic stay was granted as to Debtor, the Utah District Court issued an order awarding attorney fees to ClearOne.

Dckt. No. 47, Order and Opinion Denying Debtor's Motion for Sanctions.

Debtor requests the Court correct the above finding "that infers a 'legal' summons was filed against WideBand Georgia." Upon review of the prior order, the Court recognizes the fact that Debtor claims the garnishment was fraudulent. However, the above sentence is factually correct as written. A summons of garnishment was issued. The sentence does not opine on whether the summons was legally or fraudulently issued, or whether there was even a judgment. Therefore, Debtor's motion is denied as to this matter.

5

Overall, these corrections, while needed, are on details that provide a background flavor of what has transpired. They do not require the Court to reconsider its finding as to the pertinent issue before it, namely whether the stay was violated. As previously stated, these corrections do not in any way change the Court's conclusion that the automatic stay was not violated.

Additionally, Debtor argues the following passage needs correction:

> Debtor also advances the argument that a 'secret' dual docket in the first Trade Secret Action makes the Utah District Court's rulings unconstitutional. Debtor has raised this argument in the Utah Courts. The Tenth Circuit found, in referring to the 'Court Only User Docket' system, there is simply no basis for concluding that this system provided any litigation advantage to ClearOne.

Dckt. No. 47, Order and Opinion Denying Debtor's Motion for Sanctions. Debtor contends he has appealed an order of the Utah District Court to the Tenth Circuit where his secret dual docket argument relates to his constitutional argument. Debtor argues the Tenth Circuit opinion relied upon by this Court was issued before he found out about other docket entries that were hidden. Debtor asks this Court to correct its finding as it "conflicts with the matter pending before the Tenth Circuit; which must consider whether or not ClearOne's award of attorney's fees was based on unconstitutional

6

AO 72A
(Rev. 8/82)

proceedings."

At the hearing held on July 12, 2012, the Court made it clear several times that these constitutional matters were not before it and that Debtor was free to pursue whatever appeals he has before the Tenth Circuit on that issue. This Court's order does not interfere with Debtor's current matters pending in the Tenth Circuit. The only issue before this Court was whether ClearOne's actions violated the automatic stay.

Lastly, Debtor mentions in the introduction of his motion that the Court overlooked his evidence that the surveillance was not about serving him with process. However, the Court heard and reviewed and weighed all the evidence on the surveillance, including Debtor's evidence. After consideration of Debtor's motion for reconsideration, the Court's conclusion remains the same as there has been no showing that the surveillance was "an attempt to collect a debt" which is pertinent analysis for assessing whether the automatic stay has been violated.

For the foregoing reasons as set forth herein, Debtor's Motion for Reconsideration or Correction of the Court's December 10, 2012 Order and Opinion is ORDERED GRANTED in part to delete the following phrase "Debtor's company, WideBand Solutions Inc." from pages 3 and 13 of the previous order and DENIED as to the other relief requested by Debtor and ClearOne.

/s/ Susan D. Barrett
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 26th day of March, 2013.

7